IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSE P. ARGUELLO,**
**CLAUDIA C. ARGUELLO,**
**and MARLENE ARGUELLO,**

    **Plaintiffs,**

v.                                                                Civ. No. 97-1602 LH/DJS

**OAKWOOD MOBILE HOMES, INC.,**
**a corporation, MIKE CHAMPOUILLON,**
**MIKE WALLACE, and SAM REISS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion to Remand Proceedings (Docket No. 10) for hearing on August 18, 1998. The Court, having considered the briefs and arguments of counsel, concludes that Plaintiffs' motion is not well taken and shall be **denied.**

The underlying procedural history of the case is as follows:

| | |
|---|---|
| September 15, 1997 | Plaintiffs Jose and Claudia Arguello filed a Title VII complaint in the Fourth Judicial District for the District of New Mexico, suing only Oakwood Mobile Homes, Inc. |
| November 17, 1997 | Plaintiffs filed an Amended Complaint. This complaint added an additional plaintiff, Marlene Arguello, and three more defendants, Mike Champouillon, Mike Wallace, and Sam Reiss. The complaint added only state law claims by the three plaintiffs. |
| November 18, 1997 | Defendant Oakwood was served with the original complaint. |

| | |
|---|---|
| December 11, 1997 | Defendant Mike Wallace was served with the Amended Complaint. |
| December 12, 1997 | Defendant Mike Champouillon was served with the Amended Complaint. |
| December 15, 1997 | Defendant Sam Reiss was served with the Amended Complaint. |
| December 17, 1997 | Defendant Oakwood's Notice of Removal was filed in this Court. |
| December 24, 1997 | Defendant Oakwood was served with the Amended Complaint. |

## I.  Subject Matter Jurisdiction

### A.  Evaluation of Relevant Complaint for Determining Removal Jurisdiction

The claims asserted by Marlene Arguello are strictly state law claims. Plaintiffs argue that in the Amended Complaint Marlene Arguello presented no claim over which this Court would have original jurisdiction and that consequently this Court has no jurisdiction over her claims and so the case cannot be removed.  They argue that the Court must evaluate the propriety of removal based on the allegations of the Amended Complaint.

As a preliminary matter, I note that the propriety of removal is judged on the complaint as it stands at the time of removal.  *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939); *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484 (10th Cir. 1991).  At the time of removal, only the original complaint had been served on the removing Defendant, Oakwood.  As I stated at the hearing in this matter, this is the reason that I conclude that this is the complaint on which the decision regarding removability must be based.  In other words, Defendant Oakwood removed this case based upon the only complaint it had in its possession on the date of removal, December 17, 1997, and this is the one I must evaluate for the purpose of determining whether or not I have subject matter jurisdiction.  The United States Code, 28 U.S.C. § 1446(a) requires a removing defendant to file a notice of removal, "together with a copy of all process, pleadings, and orders

**served upon such defendant** . . . " (emphasis added).  This language contemplates that this Court will evaluate, for purposes of removal jurisdiction, only those pleadings that have been served upon the removing defendant.  Obviously in this case, this would include the original but not the Amended Complaint.  Clearly the original complaint was removable and this Court has original jurisdiction over it because of the federal question issues it contains.

### 2.  Effect of the Filing of the Amended Complaint

Next I must evaluate the effect of the Amended Complaint on this situation.  This second complaint was filed in state court at a time when the state court still had jurisdiction over the case.  This complaint added a new plaintiff asserting only state law claims, and three defendants, one of whom was non-diverse from the others.[1]

As a general principal, when a complaint is properly removed, as was the original complaint,  subsequent events do not divest this court of jurisdiction.  The propriety of removal is **judged on the complaint as it stands at the time of removal.**  It has been held that actions of plaintiffs, such as lowering the jurisdictional amount in controversy in diversity actions, cannot destroy this propriety.  *See Pfeiffer v. Hartford Fire Ins. Co*., 929 F.2d 1484 (10th Cir. 1991).  *See Daland v. Hewitt Soap Co*., 27 F. Supp. 482, 484 (S.D.N.Y. 1939)(denying motion to remand because "of the controlling principle that removability of a case to the federal court is determined by the condition of the case when the petition for removal was filed.  Where a case has properly been removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded.")  In this instance,  I conclude that the filing of the Amended

---

[1] Because this Court possesses federal question jurisdiction, it is unnecessary to evaluate any of the diversity issues raised by the parties.

Complaint and service of it on three out of four defendants did not operate to supplant the original complaint as the crucial complaint for purposes of this removal analysis.  When the Notice of Removal was filed on December 17, 1997, the condition of the case was such that only the original complaint was served on the removing party, Oakwood.  Subsequent service of the Amended Complaint on Defendant Oakwood does not operate to effect the already properly removed original complaint, nor does such subsequent service affect this Court's subject matter jurisdiction over the original complaint.

## II.  Supplemental Jurisdiction

Clearly Marlene Arguello is not asserting any federal claims and so I must determine. whether or not I can or will exercise supplemental jurisdiction over her claims.  This Court, pursuant to 28 U.S.C. § 1367(a) has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

As I read the Amended Complaint and specifically the claims of Marlene Arguello, they concern the topic of the termination of Plaintiffs' employment with Oakwood.  Specifically, ¶4 states that  Plaintiff Marlene Arguello  was terminated on May 6, 1996, at which time she was terminated without notice or cause.  Paragraph 24 mentions Marlene and Jose being confronted by Defendant Champouillon on May 6, 1996, who barred their entry into the sales office.  Paragraph 27 mentions that on May 10, 1996, all three Plaintiffs sought entry to  retrieve their personal belongings but were barred from doing so and were forcibly evicted.  Count II contains allegations by all three Plaintiffs against Oakwood for wrongful discharge, breach of employment contract, retaliatory discharge and prima facie tort.  Count III contains allegations by all three

Plaintiffs against Defendant Champouillon for assault and battery that allegedly occurred on May 10, 1996, somehow in connection with their employment. Count IV contains allegations by all three Plaintiffs against Oakwood for breach of contract. Count V contains allegations by all three Plaintiffs against Oakwood and the individual Defendants for conversion of their personal property located on Defendants' premises.

I conclude that these controversies asserted by all Plaintiffs arose out of a common nucleus of facts, that they are sufficiently related to the claims in the action within my original jurisdiction under Title VII and that nothing about the non-federal claims negate federal jurisdiction. I reach the same conclusion for the claims against the individually named defendants and against Defendant Oakwood [2] and conclude that I have supplemental jurisdiction over all of Plaintiffs' claims.

In summary, this Court has subject matter jurisdiction over all parties in this case, including Plaintiff Marlene Arguello, and shall exercise it.

**WHEREFORE,** for the reasons stated above, the Court concludes that Plaintiffs' Motion to Remand Proceedings (Docket No. 10) shall be, and is **denied**.

**IT IS SO ORDERED.**

_____
**U. S. District Court Judge**

---

[2] Furthermore, none of the circumstances under which the district court may decline to exercise supplemental jurisdiction applies here. *See* 28 U.S.C. § 1367.