IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE P. ARGUELLO, CLAUDIA C. ARGUELLO,
and MARLENE ARGUELLO

    Plaintiffs,

  -vs-                                                 No. CIV 97-1602 LH/DJS

OAKWOOD MOBILE HOMES, INC., a
corporation, MIKE CHAMPOUILLON, MIKE
WALLACE, and SAM REISS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Application for Review of Clerk's Order Settling Costs (Docket No. 81), filed October 1, 1999. The Court, having the considered Plaintiffs' Application for Review, the accompanying memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Plaintiffs' position is not well taken and their Application will be **denied**.

In its Order entered May 24, 1999, the Court granted summary judgment for Defendants on Plaintiffs' Title VII employment discrimination claim and two state law claims and remanded the remaining state law claims to state court. Pursuant to D.N.M.LR-Civ. 54, the Clerk subsequently granted in full Defendants' Motion to Tax Costs. Plaintiffs do not challenge the amount or reasonableness of the costs awarded against them. They contend, however, that because the Court remanded their remaining claims to state court, any taxing of costs in this matter is premature, citing

*Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336 (10th Cir. 1998). The Court reviews the Clerk's assessment of costs *de novo*. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 n.11 (1987).

Finding that it lacked diversity jurisdiction, the district court in *Callicrate* dismissed the action without prejudice. 139 F.3d at 1338. The court subsequently awarded costs in favor of all three defendants, but concerned that some of the costs might be reassessed in the action refiled in state court, stayed execution of the award as to the two defendants named in that matter. *Id.* Plaintiff appealed the award of costs and both defendants cross-appealed the stay. *Id.*

The appellate court upheld the award of costs to a defendant not named in the state court action, *id.* at 1342, dismissed as moot the appeal and cross-appeal as to a defendant with whom plaintiff settled following oral argument, *id.* at 1338 n.3, and vacated the cost award in favor of the third defendant, *id.* at 1342. As no resolution of the controversy between plaintiff and the third defendant had been reached, the court found the determination by the district court that the defendant should recover costs incurred respecting the merits of the controversy "speculative and premature." *Id.* The appellate court therefore remanded that claim for costs to the lower court with directions to determine only those costs properly recoverable in obtaining the dismissal of the action for lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1919. *Id.* Any costs going to the merits of the controversy, whether incurred in federal or state court, were left for determination by the state court in favor of whichever party prevailed there. *Id.* at 1343.

*Callicrate* is inapposite to the circumstances of this case. This Court has ruled on the merits, not only as to the federal claims brought by Plaintiffs, but also on two of their state law claims. Unlike § 1919, which states that the court "*may* order the payment of just costs" (emphasis added) upon a jurisdictional dismissal, 28 U.S.C. § 1920 and FED. R. CIV. P. 54(d)(1) create a presumption that costs shall be awarded to a prevailing party. *Callicrate*, 139 F.3d at 1340 n.8. That some aspects

of the controversy among the parties remain in active litigation in state court, "does not impair the fact that, as far as the federal case, [i]s concerned, [D]efendants prevailed. Thus, [D]efendants [a]re the prevailing party in [this C]ourt for purposes of Rule 54(d) and are entitled to their costs unless [there is] some special reason to deny the costs." *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995)(remanding removed case to district court, which previously had granted summary judgment for defendants on federal constitutional claims and declined to exercise supplemental jurisdiction over remaining state law claims, for determination of appropriate costs or to explain decision to award no costs).

Plaintiffs argue only that the Clerk's Order Settling Costs is premature. It clearly is not. Additionally, Plaintiffs did not dispute the amount or reasonableness of the costs in their Response to Defendants' Motion to Tax Costs and do not do so now. Furthermore, on review the Court finds that the depositions for which costs were awarded were necessary to the litigation and that the amounts awarded are reasonable. *See Callicrate*, 139 F.3d at 1339 (citing *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)). Therefore, the Clerk's Order must stand.

**IT IS HEREBY ORDERED** that Plaintiffs' Application for Review of Clerk's Order Settling Costs (Docket No. 81), filed October 1, 1999, is **DENIED**, and the Clerk's Order Settling Costs is **AFFIRMED**.

 _____
 **UNITED STATES DISTRICT JUDGE**